## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

TIMOTHY C. MORRIS          )
                                  )
          Plaintiff,         )
                                  )
v.                             )     Case No. 1:12-cv-01800
                                  )
CARTER GLOBAL LEE, INC.    )
                                  )
          Defendant.      )
                                  )

## <u>DECLARATION OF NICHOLE DEVRIES</u>

I, NICHOLE DEVRIES, am over the age of eighteen (18) and affirm under penalty of perjury that the content of the following declaration is true.

1.       I have personal knowledge of all the facts stated in this Declaration and am competent to testify to them.

2.       I am employed at PilieroMazza PLLC and am co-counsel for Defendant, Carter Globle Lee, Inc. ("CGL") in the above-captioned matter.

3.       On May 29, 2014, CGL served Requests for Admissions; First Request for Production of Documents; and First Set of Interrogatories on Plaintiff (collectively referred to as "CGL's Discovery Requests"). (*See* attached Exhibit A).

4.       On July 18, 2014, having not received Plaintiff's responses to CGL's Discovery Requests, CGL sent Plaintiff a letter advising him that he had not timely responded and requesting that he respond on or before July 30, 2014. (*See* attached Exhibit B).

5.      On or about August 2, 2014, Plaintiff called PilieroMazza, PLLC and left a voice message for me, stating that he had not yet answered CGL's Discovery Requests, but would answer them "soon."

6.      On August 14, 2014, I sent an email to Plaintiff requesting that he respond to CGL's Discovery Requests on or before August 18, 2014.  I also advised Plaintiff that we were noticing his deposition for Monday, August 25, 2014 and attached the deposition notice. (*See* attached Exhibit C).

7.      On August 19, 2014, Plaintiff contacted me via telephone and advised that he would need another month to complete his responses to CGL's Discovery Requests and that he would not appear for the noticed deposition.  He stated that he did not have the time to respond to CGL's Discovery Requests, given his wife's medical appointments and that he was not "mentally prepared" to undergo a deposition.

8.      Plaintiff called back later in the day and asked whether CGL would consent to an extension of time for him to answer CGL's Discovery Requests.  I explained to him that the Court had ordered discovery closed on August 25, 2014 and I could not independently consent to an extension of the discovery period.

9.      On August 20, 2014, I again emailed Plaintiff and reminded him that the deadline to complete discovery was August 25, 2014, and CGL must insist that he provide answers to CGL's Discovery Requests and appear at the noticed deposition. (*See* attached Exhibit D).

10.     On August 21, 2014, having not heard back from Plaintiff, I emailed him again and pointed out to him that the Scheduling and Procedures Order requires that both parties call the Judge's chambers should we not be able to resolve a discovery dispute. (*See* attached Exhibit E).

11.     Plaintiff responded on August 22, 2014, stating that he could not call chambers that day and that he would not be attending the deposition on Monday. (*See* attached Exhibit F).

12.     I called chambers after receiving the aforementioned email on August 22, 2014 and advised that the parties would not be calling jointly to discuss the discovery dispute, as required by the Scheduling and Procedures Order, because Plaintiff said he was unavailable, and that CGL would be filing a motion addressing Plaintiff's failure to respond to discovery or attend his deposition.

13.     As of the time of this declaration, Plaintiff has not served any discovery requests on CGL nor had he responded to CGL's Discovery Requests or appeared for his noticed deposition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 25, 2014.


Nichole L. DeVries

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY C. MORRIS )<br><br>Plaintiff, )<br><br>v. )<br><br>CARTER GLOBAL LEE, INC. )<br><br>Defendant. )<br> ) | Case No. 1:12-cv-01800 |

## DEFENDANT CARTER GLOBLE LEE, INC.'S
## FIRST REQUESTS FOR ADMISSIONS TO PLAINTIFF

Defendant Carter Globle Lee, Inc. ("Defendant") (named incorrectly by Plaintiff as "Carter Global Lee, Inc."), by counsel, pursuant to Fed. R. Civ. P. 36, requests that Plaintiff Timothy Morris ("Plaintiff") admit to the truth of the following in writing within thirty (30) days of the date of service, and deliver the answers to PilieroMazza PLLC, 888 17th Street, NW, 11th Floor, Washington, D.C. 20006.  The definitions and instructions for answers are set forth below and are incorporated by reference.

## INSTRUCTIONS

You are requested to admit or deny each of the attached requests for admissions.  You must specifically admit or deny the request of or explain in detail the reasons that you cannot admit or deny the request.  You may only qualify an answer, or deny a request in part, in good faith.  Answers that assert the request is an issue for trial or that you lack information or knowledge is not a proper response.  Lack of knowledge is only a proper response if you state that a reasonable inquiry was made but that the information obtained is insufficient to enable the

responding party to admit or deny.  If you fail to timely respond to these Requests within thirty

(30) days, each Request is considered admitted without the necessity of a court order and may

result in the imposition of sanctions.

## ADMISSIONS

1. Admit that you were hired by Defendant to perform plumbing services for the District of Columbia Department of Corrections.

2. Admit that you had no contract for employment for a specified period of time.

3. Admit that on or about February 23, 2009, you arrived at work at approximately 3:15 a.m. to check the operation of the heating system at the District of Columbia Jail.

4. Admit that sometime on or about February 23, 2009 the main steam valves that controlled the heating system in the north and south mechanical rooms at the District of Columbia jail were turned off.

5. Admit that Mr. Randy Kinsley was your supervisor.

6. Admit that on or about February 23, 2009, Mr. Kinsley questioned you regarding your conduct earlier in the day while at work.

7. Admit that while working for Defendant on February 23, 2009, you checked and inspected the heating system in the north and south mechanical rooms at the District of Columbia jail.

8. Admit that no other person was responsible for checking and inspecting the heating system before 7:30 am on February 23, 2009.

9. Admit that there is no evidence that Defendant unlawfully discriminated against you because of your race.

2

10.     Admit that there are no witnesses to any specific instance of unlawful racial

        discrimination against you by Defendant.

11.     Admit that you cannot identify any specific instance of unlawful racial discrimination

        against you by Defendant.

12.     Admit that there is no evidence that Defendant's decision to terminate your employment

        was motivated by racial considerations.

13.     Admit that Defendant's decision to terminate your employment was not motivated by

        your race.


Date: May 29, 2014

                                        Paul W. Mengel III-DC Bar #457207
                                        Nichole L. DeVries- DC Bar #1009328
                                        PILIEROMAZZA PLLC
                                        888 17th Street, NW, Suite 1100
                                        Washington, DC  20006
                                        (202) 857-1000 (Phone)
                                        (202) 857-0200 (Fax)
                                        pmengel@pilieromazza.com
                                        ndevries@pilieromazza.com
                                        *Counsel for Defendant*


## CERTIFICATE OF SERVICE

        I certify that on this 29th day of May, 2014, a true and correct copy of the above pleading

was served by first-class mail to:

        Timothy C. Morris
        4505 Henderson Road
        Temple Hills, MD 20748


                                        Nichole L. DeVries

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TIMOTHY C. MORRIS | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:12-cv-01800 |
| CARTER GLOBAL LEE, INC. | ) | |
| Defendant. | ) | |

## DEFENDANT CARTER GLOBLE LEE, INC.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Defendant Carter Globle Lee, Inc. ("Defendant") (named incorrectly by Plaintiff as "Carter Global Lee, Inc."), by counsel, pursuant to Fed. R. Civ. P. 34, requests that Plaintiff Timothy Morris ("Plaintiff") provide responses to the following document requests within thirty (30) days of the date of service, and deliver his answers to PilieroMazza PLLC, 888 17th Street, NW, 11th Floor, Washington, D.C. 20006. The definitions and instructions for answers are set forth below and are incorporated by reference.

## INSTRUCTIONS

1. Your answers to these document requests shall be subject to supplementation in accordance with Fed. R. Civ. P. 37(c) (1).

2. These requests shall be construed so as to make your responses inclusive rather than exclusive.

3. If any document called for is withheld because you claim that such document is privileged, please provide the following information for each such document: its date; its

1

author(s); the business or position of its author(s); its recipient(s); the business or position of its recipient(s); its number of pages; its subject matter; the basis of the claimed privilege; and the number of the request to which the document is responsive.

4.     If any requested information was contained in a document that no longer exists, is no longer within your possession, custody or control, or cannot be located, describe the contents of the document in as much detail as possible.

5.     If you encounter any ambiguity in construing a request, or a definition or instruction relevant to a request, please make your best effort to interpret the request, definition or instruction within the context of this litigation and set forth the matter deemed ambiguous and the construction or interpretation chosen, or used in responding.

## DEFINITIONS

1.     The term "document(s)" shall include any document in the possession, custody or control of you and/or your partners, co-venturers, members, employees, agents, attorneys, accountants, physicians, representatives, and any other person acting or purporting to act on your behalf. The term "document(s)" is used in its customary and broad sense to include, without limitation, any graphic or written matter, however produced or reproduced, of any kind or description, and also includes electronically stored information ("ESI") and any written, printed, typed, photocopied, photographed, recorded (including but not limited to magnetic, mechanical, or electronic recordings), or otherwise reproduced communication or representation. By way of illustration, the term "document(s)" includes, but is not limited to, the following:  writings, files, electronic-mail ("e-mail"), contracts, agreements, notes and notations, memoranda, telegrams, reports, records, schedules, daily reports, daily summaries, correspondence, communications, telex messages, cables, transcripts, text messages, notes and minutes of telephone or other

2

conversations, letters of any kind, drafts, tweets, interdepartmental and intra-departmental and other office communications, diaries, invoices, purchase orders, billing reports, requisitions, minutes of meetings, appraisals, manuals, standard and nonstandard forms, written statements or reports either signed or unsigned, recorded or taped interviews or statements, audio tapes, video tapes, sound recordings, maps, photographs, plats, deeds, moving or still pictures, diagrams, plans, drawings, specifications, measurements or other descriptions, advertising or marketing materials or brochures, agreements, purchase orders, computer tapes or printouts, and all other records kept by electronic, photographic or mechanical means, and papers and things similar to any of the foregoing.  This definition includes all documents for which privilege is claimed.  If copies, reproductions or facsimiles of a document are not identical by reason of handwritten notations, initials, identification marks or other modification, each such non-identical copy is a separate "document" within the meaning of this definition.  If you have knowledge of any ESI that is responsive to any request below but cannot be retrieved because it has been deleted, you are asked to notify the undersigned of any such deletion.

　　　With respect to ESI, the information is requested to be produced in its original form, without removing any metadata, cells, or engaging any locking devices.  No software should be used to erase or "scrub" any aspect of the data.  In the event any metadata, cells or other information is removed, erased or otherwise compromised from the original data, please provide an identification of what data was erased, compromised, erased or removed, and the reasons why.  If a claim of privilege exists, please provide a privilege log, pursuant to the instruction above, providing specific information respecting such withheld information, such that it can fairly be ascertained whether a legitimate privilege exists, in compliance with Rule 4:1(b)(6).

With respect to the format, please provide the data in Optical Character Recognition ("OCR") converted into an electronically searchable TIF or PDF format. If this format is not feasible, or you are unable to provide that format, please contact undersigned counsel immediately to discuss a mutually agreeable alternative. Please "Bates stamp" copies of all documents that you produce.

2.      Where the term "identify" is used with respect to a document, the request shall be deemed to require the Plaintiff to state:  the date thereof; the name of the author and person signing it, if different from the author; the name of the person to whom the document is addressed; the name of each person other than the addressee to whom the document or copies of the document were given or sent; the general nature and description of the document; the name and address of the person having present possession, custody and control of the document; the location and the identity of the custodian of copies of the document; the date of destruction or other disposal of the document; and the identity of the person or persons who ordered or authorized such destruction or other disposal of the document.

3.      "Communication" means any transfer or exchange between two or more persons of any information whether by written or oral means, including but not limited to letters, memoranda, personal conversations, correspondence, telephone calls, ESI, speeches, remarks, questions, answers, telefaxes and telegrams, or any other kind of transmittal of information. This definition includes all communications for which the Plaintiff claims privilege.

4.      "You", "your" or "Plaintiff" shall refer to the Plaintiff, Timothy Morris, and any of his partners, co-venturers, employees, agents, attorneys, accountants, representatives, physicians, and any other person acting or purporting to act on his behalf.

4

5.     "Defendant" shall refer to the Defendant, Carter Globle Lee, Inc., and its officers, directors, partners, co-venturers, members, employees, agents, attorneys, accountants, assigns, predecessors in interest, successors in interest, representatives, all former and present subsidiaries, divisions, affiliates, parent corporations or other related corporate entities, and any other person acting or purporting to act on its behalf.

6.     "Person" shall mean any individual, corporation, partnership, proprietorship, joint venture, association, estate, trust, business organization, government agency, quasi-government agency, or other legal entity, as well as any and all officers, directors, agents, servants, employees, trustees, parents, subsidiaries, affiliates, assigns, predecessors and successors, legal representatives, experts and consultants of such "person," however denominated.

7.     "Date" means the exact day, month and year if ascertainable; if not, the closest approximation that can be made thereto.

8.     The term "each" includes the word "every" and "every" includes the word "each." "Any" includes the word "all" and "all" includes the word "any." "And" includes the word "or" and "or" includes the word "and."

9.     Terms in the plural include the singular, and terms in the singular include the plural.

10.    The term "concerning" includes referring to, relating to, embodying, connected with, commenting on, responding to, showing, describing, analyzing, reflecting or constituting.

11.    The term "include" or "including" means including but not limited to.

12.    "Relating" or "referring" or which "relates" or "refers" to any given subject means any communication that constitutes, defines, contains, embodies, reflects, identifies,

5

states, refers to, deals with, or in any way pertains to that subject, including, without limitation, documents concerning the preparation of other documents.

13.     Terms referring to a gender include all genders.

14.     "Complaint" refers to the Complaint filed by you in this action, as well as any further amended complaints that you may file.

<u>**DOCUMENTS TO BE PRODUCED**</u>

**REQUEST NO. 1:**     All documents requested in, relied upon, relating to or referred to in your answers to Defendant's First Set of Interrogatories to Plaintiff served upon you concurrent herewith, labeling each such document to correspond with your answers to the Interrogatories.

**REQUEST NO. 2:**     All documents that evidence, support, relate to, or serve as a basis for the allegations of the Complaint that you were intentionally discriminated against by Defendant.

**REQUEST NO. 3:**     All documents that evidence, support, relate to, or serve as a basis for the allegations of the Complaint that you were discriminated against by Defendant.

**REQUEST NO. 4:**     All documents of any kind, written or recorded, that evidence, support, relate to or pertain to any medical or mental health treatment you have sought as a result of the damages allegedly suffered by you as set forth in the Complaint.

**REQUEST NO. 5:**     All documents you intend to introduce at trial in this matter.

**REQUEST NO. 6:**     All documents that constitute or contain matters relevant to the subject matter of this action.

**REQUEST NO. 7:**     All documents consisting of, referring or relating to any medical or hospital expenses or bills, and all receipts for medication incurred by you in connection with any

injuries allegedly suffered by you as a result of the acts or omissions of Defendant, including, but not limited to, any emotional injuries.

**REQUEST NO. 8:**   Copies of all correspondence, letters, memoranda, or other written records or documents provided by you, your agents or by your attorneys to:

(a)      Any alleged witness to the incidents complained of in the Complaint;

(b)      Any physician or mental health practitioner of any healing art who has treated you for the injuries alleged suffered by you as a result of the acts or omissions of Defendant; and

(c)      Any expert you intend to call as a witness at trial.

**REQUEST NO. 9:**   Any diary, calendar and/or log of events or expenses you have prepared with regard to, or that refers or relate to, the allegations of the Complaint.

**REQUEST NO. 10:**  All photographs of any person, place, or thing related to your claims (color photocopies of such photographs may be produced in lieu of the positive prints).

**REQUEST NO. 11:**  Copies of all documentary evidence relied upon to demonstrate and support facts relevant to this litigation.

**REQUEST NO. 12:**  Copies of any and all documents supporting your claims for special and/or exemplary damages.

**REQUEST NO. 13:**  All documents received by you from any individual or entity in response to document subpoenas or non-party requests for production of documents served in connection with this matter.

**REQUEST NO. 14:**  All documents relating to your employment with Defendant.

**REQUEST NO. 15:**  All documents relating to any other actual or potential employer to whom you applied for work since the termination of your employment with Defendant including but not limited to applications, correspondence and pay records.

**REQUEST NO. 16:**  All communication or other documentation with Defendant or third parties relating to the allegations of the Complaint.

**REQUEST NO. 17:**  All documents related, referring or pertaining to any charges, claims, allegations and reports you have made to any state or federal government agency concerning the allegations in your Complaint.

**REQUEST NO. 18:**  All documents related, referring or pertaining to any convictions listed in response to Interrogatory 11, served herewith.

Date:  May 29, 2014

Paul W. Mengel III-DC Bar #457207
Nichole L. DeVries DC Bar #1009328
PILIEROMAZZA PLLC
888 17th Street, NW, Suite 1100
Washington, DC  20006
(202) 857-1000 (Phone)
(202) 857-0200 (Fax)
pmengel@pilieromazza.com
ndevries@pilieromazza.com
*Counsel for Defendant*

CERTIFICATE OF SERVICE

I certify that on this 29th day of May, 2014, a true and correct copy of the above pleading was served by first-class mail to:

Timothy C. Morris
4505 Henderson Road
Temple Hills, MD 20748

Nichole L. DeVries

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TIMOTHY C. MORRIS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:12-cv-01800 |
| ) | |
| CARTER GLOBLE LEE, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT CARTER GLOBLE LEE, INC.'S
## FIRST SET OF INTERROGATORIES TO PLAINTIFF

Defendant Carter Globle Lee, Inc. ("Defendant") (named incorrectly by Plaintiff as "Carter Global Lee, Inc."), by counsel, pursuant to Fed. R. Civ. P. 33, requests that Plaintiff Timothy Morris ("Plaintiff") answer the following Interrogatories in writing and under oath within thirty (30) days of the date of service, and deliver the answers to PilieroMazza PLLC, 888 17th Street, NW, 11th Floor, Washington, D.C. 20006. The definitions and instructions for answers are set forth below and are incorporated by reference.

## INSTRUCTIONS

1.     Your answers to these Interrogatories shall be subject to supplementation in accordance with Fed. R. Civ. P. 37(c)(1).

2.   These Interrogatories shall be construed so as to make your responses inclusive rather than exclusive.

3.   If any document called for by these Interrogatories is withheld because you claim that such document is privileged, please provide the following information for each such

1

document: its date; its author(s); the business or position of its author(s); its recipient(s); the business or position of its recipient(s); its number of pages; its subject matter; the basis of the claimed privilege; and the number of the Interrogatory to which the document is responsive.

4.   If any requested information was contained in a document that no longer exists, is no longer within your possession, custody or control, or cannot be located, describe the contents of the document in as much detail as possible.

5.   If you encounter any ambiguity in construing an Interrogatory, or a definition or instruction relevant to an Interrogatory, please make your best effort to interpret the Interrogatory, definition or instruction within the context of this litigation and set forth the matter deemed ambiguous and the construction or interpretation chosen, or used in responding.

6.   To the extent you consider any Interrogatory to be objectionable, respond to that portion of the Interrogatory to which you have no objection and separately state the portion of the Interrogatory to which you lodge an objection, stating the specific grounds on which you object.

## **DEFINITIONS**

1.   The term "document(s)" shall include any document in the possession, custody or control of you and/or your partners, co-venturers, members, employees, agents, attorneys, accountants, physicians, representatives, and any other person acting or purporting to act on your behalf. The term "document(s)" is used in its customary and broad sense to include, without limitation, any graphic or written matter, however produced or reproduced, of any kind or description, and also includes electronically stored information ("ESI") and any written, printed, typed, photocopied, photographed, recorded (including but not limited to magnetic, mechanical, or electronic recordings), or otherwise reproduced communication or representation. By way of

2

illustration, the term "document(s)" includes, but is not limited to, the following: writings, files, electronic-mail ("e-mail"), contracts, agreements, notes and notations, memoranda, telegrams, reports, records, schedules, daily reports, daily summaries, correspondence, communications, telex messages, cables, transcripts, text messages, notes and minutes of telephone or other conversations, letters of any kind, drafts, tweets, interdepartmental and intra-departmental and other office communications, diaries, invoices, purchase orders, billing reports, requisitions, minutes of meetings, appraisals, manuals, standard and nonstandard forms, written statements or reports either signed or unsigned, recorded or taped interviews or statements, audio tapes, video tapes, sound recordings, maps, photographs, plats, deeds, moving or still pictures, diagrams, plans, drawings, specifications, measurements or other descriptions, advertising or marketing materials or brochures, agreements, purchase orders, computer tapes or printouts, and all other records kept by electronic, photographic or mechanical means, and papers and things similar to any of the foregoing. This definition includes all documents for which privilege is claimed. If copies, reproductions or facsimiles of a document are not identical by reason of handwritten notations, initials, identification marks or other modification, each such non-identical copy is a separate "document" within the meaning of this definition. If you have knowledge of any ESI that is responsive to any request below but cannot be retrieved because it has been deleted, you are asked to notify the undersigned of any such deletion.

With respect to ESI, the information is requested to be produced in its original form, without removing any metadata, cells, or engaging any locking devices. No software should be used to erase or "scrub" any aspect of the data. In the event any metadata, cells or other information is removed, erased or otherwise compromised from the original data, please provide an identification of what data was erased, compromised, erased or removed, and the reasons

why.  If a claim of privilege exists, please provide a privilege log, pursuant to the instruction above, providing specific information respecting such withheld information, such that it can fairly be ascertained whether a legitimate privilege exists, in compliance with Rule 4:1(b)(6).

With respect to the format, please provide the data in Optical Character Recognition ("OCR") converted into an electronically searchable TIF or PDF format.  If this format is not feasible, or you are unable to provide that format, please contact undersigned counsel immediately to discuss a mutually agreeable alternative.  Please "Bates stamp" copies of all documents that you produce.

2.      Where the term "identify" is used with respect to a document, the request shall be deemed to require the Plaintiff to state:  the date thereof; the name of the author and person signing it, if different from the author; the name of the person to whom the document is addressed; the name of each person other than the addressee to whom the document or copies of the document were given or sent;  the general nature and description of the document; the name and address of the person having present possession, custody and control of the document; the location and the identity of the custodian of copies of the document; the date of destruction or other disposal of the document; and the identity of the person or persons who ordered or authorized such destruction or other disposal of the document.

3.      "Communication" means any transfer or exchange between two or more persons of any information whether by written or oral means, including but not limited to letters, memoranda, personal conversations, correspondence, telephone calls, ESI, speeches, remarks, questions, answers, telefaxes and telegrams, or any other kind of transmittal of information.  This definition includes all communications for which the Plaintiff claims privilege.

4.      "You" or "your" shall refer to the Plaintiff, Timothy Morris, and any of his partners, co-venturers, employees, agents, attorneys, accountants, representatives, physicians, and any other person acting or purporting to act on his behalf.

5.      "Defendant" shall refer to the Defendant, Carter Globle Lee, Inc., and its officers, directors, partners, co-venturers, members, employees, agents, attorneys, accountants, assigns, predecessors in interest, successors in interest, representatives, all former and present subsidiaries, divisions, affiliates, parent corporations or other related corporate entities, and any other person acting or purporting to act on its behalf.

6.      As used herein, the use of the terms "explain in detail," "describe in detail," "describe with specificity" or "state in detail" require Plaintiff to state each reason for the allegation(s), action(s), conclusion(s), opinion(s) position(s), calculation(s), estimate(s), decision(s), belief(s), and assertion(s) of Plaintiff concerning the subject matter of the Interrogatory and shall require, without limitation, that the Plaintiff:

a.      Identify each statute, regulation, contract provision, specification, industry standard, or trade usage which relates to the reason(s) given in response to the Interrogatory, and the reason(s) why each is applicable to the subject matter of the Interrogatory;

b.      State each act or failure to act which Plaintiff asserts in support of the answer given in response to the Interrogatory, and separately for each such act or failure to act, identify each person who was involved in the act or failure to act, and identify who observed or heard of the act or failure to act (stating for each such person his or her role in the act or failure to act);

c.      Identify each person, each witness and each expert witness who participated in, or has knowledge of the formulation of the allegation(s), action(s), conclusion(s),

opinion(s) position(s), estimate(s), calculation(s), decision(s), belief(s), or assertion(s) relating to the subject matter of the Interrogatory.

7.     "Person" shall mean any individual, corporation, partnership, proprietorship, joint venture, association, estate, trust, business organization, government agency, quasi-government agency, or other legal entity, as well as any and all officers, directors, agents, servants, employees, trustees, parents, subsidiaries, affiliates, assigns, predecessors and successors, legal representatives, experts and consultants of such "person," however denominated.

8.     "Date" means the exact day, month and year if ascertainable;" if not, the closest approximation that can be made thereto.

9.     The term "each" includes the word "every" and "every" includes the word "each." "Any" includes the word "all" and "all" includes the word "any."  "And" includes the word "or" and "or" includes the word "and."

10.     Terms in the plural include the singular, and terms in the singular include the plural.

11.     The term "concerning" includes referring to, relating to, embodying, connected with, commenting on, responding to, showing, describing, analyzing, reflecting or constituting.

12.     The term "include" or "including" means including but not limited to.

13.     "Relating" or "referring" or which "relates" or "refers" to any given subject means any communication that constitutes, defines, contains, embodies, reflects, identifies, states, refers to, deals with, or in any way pertains to that subject, including, without limitation, documents concerning the preparation of other documents.

14.     Terms referring to a gender include all genders.

6

15.     "Complaint" refers to the Complaint filed by you in this action, as well as any further amended complaints that you may file.

## INTERROGATORIES

1.     Identify each person who assisted or contributed to the preparation of the answers to these Interrogatories.

**RESPONSE:**




2.     Identify all persons who are believed, or known by you, to have any knowledge concerning the subject matters and issues raised in the Complaint, and for each person so identified, provide a summary of the facts, events, issues, and subject matter about which each person has such knowledge.

**RESPONSE:**




3.     Identify each communication that you had with any individual concerning the subject matters and issues raised in the Complaint, and, in so doing, specify the date and time of the communication, identify with whom it occurred, and state the facts, events, issues, and subject matter(s) of any such communication.  If the communication is written, please provide a copy of such with your responses to the Requests for Production of Documents served herewith.

**RESPONSE:**

4.    State all facts and identify all documents of which you are aware that support, establish or tend to prove the allegations that Defendant violated 42 U.S.C. §1981, and include in your response, but do not limit it to specific facts in support of your allegations that:

a)    Defendant violated your civil and human rights;

b)    Defendant discriminated against you on the basis of your race; and

d)    Defendant terminated you from your employment because of your race.

**RESPONSE:**


5.    State all facts and identify documents of which you are aware that support, establish or tend to prove the allegations of the Complaint that you have endured pain and suffering, and mental anguish, and in so doing state with specificity the precise nature of the pain and suffering, and mental anguish you have suffered; state the manner in which the physical and emotional suffering, anguish and distress has manifested itself; identify with specificity all treatment and/or counseling, whether medical, psychiatric, psychological, or otherwise, that you have sought and/or received as a result of alleged emotional distress.

**RESPONSE:**


6.    For each medical, mental health, counseling or other professional with whom you have consulted as a result of your alleged pain and suffering, and mental anguish, identify with specificity the dates of service, the costs you have incurred as a result, and provide a copy of all related records with your Responses to Request for Production of Documents, served herewith.

**RESPONSE:**

8

7.      Identify each person whom you expect to call as an expert witness at the trial of this matter, and for each expert witness so identified, state and/or provide:

      a)      the subject matter upon which the expert is expected to testify;

      b)      the substance of the facts and opinions to which the expert is expected to testify;

      c)      a summary of the grounds for each opinion to be offered by the expert witness.

**RESPONSE:**

8.      If not previously provided in responses to a prior interrogatory, describe and itemize with specificity all damages which you allege you have incurred as a result of the acts or omissions of Defendant, including, but not limited to, your claims for lost wages, compensatory damages, and punitive damages, and, in so doing, describe any and all documents supporting your claims for damages and provide a copy of all related records with your Responses to Request for Production of Documents, served herewith.

**RESPONSE:**

9.      Describe in detail any efforts undertaken by you to mitigate the damages alleged in the Complaint, including, but not limited to, a description of all employment applications made by you, whether resulting in employment or not, the identification of all potential employers with whom you pursued a job opportunity and the circumstances surrounding each

such job opportunity and provide a copy of all related records with your Responses to Request for Production of Documents, served herewith.

.

**RESPONSE:**

10.     Describe all jobs held by you as an employee, consultant, contractor, owner, or any other title from January 1, 2004 to the present date.  Your response should include, but not be limited to, the identity of the employer, the specific title held, the job duties and job responsibilities of your employment position, the dates and length of time you held any such job position, the identity of your immediate supervisor, the nature of the business or services you were providing and the reason(s) for ending the employment.

**RESPONSE:**

11.     State whether you have ever been convicted of a felony, a crime involving moral turpitude or a crime involving the use, distribution or possession of illegal drugs and, if so, state: the violation of law with which you were charged and/or convicted, the jurisdiction in which each such charge was prosecuted, the case number and the penalty imposed, if any.

**RESPONSE:**

12.     Identify all charges, claims, allegations and reports you have made to any state or federal government agency concerning the allegations in your Complaint and for each instance state and/or provide:

a)      the name of the state or federal government agency to which such charge, claim, allegation or report was name;

b)      the state or federal government agency's reference number relating to such charge, claim, allegation or report;

c)      a copy of all related records to the charge, claim, allegation or report with your Responses to Request for Production of Documents, served herewith.


**RESPONSE:**


Date: May 29, 2014

Paul W. Mengel III-DC Bar #457207
Nichole L. DeVries-DC Bar #1009328
PILIEROMAZZA PLLC
888 17th Street, NW, Suite 1100
Washington, DC  20006
(202) 857-1000 (Phone)
(202) 857-0200 (Fax)
pmengel@pilieromazza.com
ndevries@pilieromazza.com
*Counsel for Defendant*

CERTIFICATE OF SERVICE

I certify that on this 29th day of May, 2014, a true and correct copy of the above pleading

was served by first-class mail to:

Timothy C. Morris
4505 Henderson Road
Temple Hills, MD 20748

Nichole L. DeVries

# EXHIBIT B



PILIERO
MAZZA PLLC
ATTORNEYS AT LAW

888 17TH STREET, NW, 11TH FLOOR
WASHINGTON D.C. 20006
PHONE 202 857-1000
FAX 202 857-0200
WWW.PILIEROMAZZA.COM

July 18, 2014

**VIA FIRST CLASS MAIL**

Mr. Timothy Morris
4505 Henderson Road
Temple Hills, MD 20748

Re:   <u>Morris v. Carter Global Lee Case No. 1:12-cv-01800</u>

Dear Mr. Morris:

We are writing concerning the untimely responses to Defendant Carter Globle Lee's (the "Defendant") discovery requests served upon you on May 29, 2014. Pursuant to FRCP 33, 34, and 36 you have thirty (30) days to respond to each request. The due date for the responses was July 1, 2014.

To date, Defendant has not received responses to the requests. This letter shall serve as the Defendant's good faith attempt to confer, under FRCP 37, regarding the lack of response to Defendant's discovery requests, prior to instituting court action. Should you fail to respond, Defendant will have no choice but to request the Court to order you to do so. If we do not hear from you or receive responses from you on or before July 30, 2014, we will move forward with a motion to compel your responses.

Additionally, as mentioned in the Defendant's pleadings, Defendant's name is incorrectly spelled. Defendant now wishes to correct the spelling of its name from Carter Global Lee, to Carter Globle Lee with the Court. Please inform undersigned counsel if you consent to the correction of Defendant's name with the Court.

Please contact us if you would like to discuss further. We look forward to your prompt response to rectifying the deficiencies set forth above.

Sincerely,

Nichole Atallah

Nichole D. Atallah

# EXHIBIT C

**From:** Nichole Atallah
**Sent:** Thursday, August 14, 2014 11:49 AM
**To:** 'timpipefitter@aol.com'
**Cc:** Paul W. Mengel
**Subject:** Timothy C. Morris v. Carter Global Lee, Inc.

Dear Mr. Morris,

As you know, we have not yet received responses to the questions and document requests we sent to you on May 29, 2014.  On July 18, 2014 we sent you a letter advising you that, we would need to receive responses from you by August 1, 2014 or we would be forced to file a motion to compel the responses.  In order to avoid unnecessary costs incident to filing a motion to compel with the court, we again are requesting that you submit the requested responses by Monday, August 18, 2014.  This request in no way waives the Defendant's rights to pursue remedies available to it due to the untimely nature of your responses.  This email constitutes the Defendant's effort to resolve this matter prior to filing a motion to compel.

Additionally, we have noticed your deposition for August 25th at 10:00 am. Please see the attached notice for your review. You will also receive a copy via FedEx.

If you have any questions, please let me know. I look forward to receiving your responses and will see you on August 25.

Thank you,
Nichole



Nichole L. DeVries
Phone   202-857-1000
Fax      202-857-0200
ndevries@pilieromazza.com

PilieroMazza PLLC
888 17th Street, NW, 11th Floor
Washington D.C. 20006

*********************************************************************

Please be advised that this transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential.  If you are not the intended recipient, please do not read, copy or retransmit this communication.  If you have received this communication in error, please notify us by e-mail (pmpllc@pilieromazza.com) or by telephone (call us collect at 202-857-1000) and delete this message and any attachments.  To ensure compliance with IRS Circular 230 requirements, we inform you that any tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of avoiding penalties under the Internal Revenue Code or promoting, marketing or recommending to another party any transaction or tax-related matter contained in this communication.  Thank you in advance for your cooperation and assistance.

*********************************************************************

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TIMOTHY C. MORRIS )<br><br>Plaintiff, )<br><br>v. )<br><br>CARTER GLOBAL LEE, INC. )<br><br>Defendant. )<br> ) | Case No. 1:12-cv-01800 (CKK) |

## NOTICE OF DEPOSITION

**TO:**   Mr. Timothy Morris
       4505 Henderson Road
       Temple Hills, MD 20748

   **PLEASE TAKE NOTICE** that pursuant to Fed. R. Civ. P. 30, Defendant, Carter Globle

Lee, Inc. (incorrectly named by Plaintiff as "Carter Global Lee, Inc."), by counsel, will take the

deposition of Mr. Timothy C. Morris at 10:00 a.m. on Monday, August 25, 2014 at the offices of

PilieroMazza PLLC, located at 888 17th St., NW, 11th Floor, Washington, D.C. 20006, or such

other mutually agreeable place and time.  This deposition will be taken before a Notary Public or

some other person authorized to administer oaths, will be recorded by stenographic means, and

will continue from day-to-day until complete.  This deposition is taken for the purposed of

discovery, for use at trial, and for other purposes as are permitted by the Federal Rules of Civil

Procedure.

Date:  August 14, 2014                          Respectfully submitted,

*[signature]*

Paul W. Mengel III (Bar No. 457207)
Nichole L. DeVries (Bar No. 1009328)
PilieroMazza PLLC
888 17th Street NW, 11th Floor
Washington, DC  20006
(202) 857-1000
(202) 857-0200 (Fax)
*pmengel@pilieromazza.com*
*ndevries@pilieromazza.com*
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I certify that on this 14th day of August, 2014, a true and correct copy of the above

Notice for Deposition was served via federal express mail to:

Timothy C. Morris
4505 Henderson Road
Temple Hills, MD 20748

*[signature]*

Nichole L. DeVries

# EXHIBIT D

**From:** Nichole Atallah
**Sent:** Wednesday, August 20, 2014 4:10 PM
**To:** timpipefitter@aol.com
**Cc:** Paul W. Mengel
**Subject:** Discovery and Depositions

Mr. Morris,

I have not been able to get in contact with my client to get authorization to consent to your proposed motion to extend. However, I can tell you that I am hesitant to provide consent given that the Court's scheduling and procedures order "strongly discourage[s]" extensions of time and states that they will only be granted in truly exceptional circumstances. While I am sorry to hear about your wife's health, we served these documents on you back in May.  The requests are not extensive.

Another concern is that this case has been delayed several times.  At some point, you are going to have to move this case forward or voluntarily dismiss it. Because we are at the end of the discovery period set by the court, we must  meet court mandated deadlines. Again, I urge you to deliver the answers to our requests before Friday and appear at the deposition

Monday. If you do not produce the required information or appear for your deposition, we will be forced to file a motion to compel your testimony.

Please let me know if we can expect receive your responses or whether you will appear for your deposition on Monday.

Thank you,
Nichole



Nichole DeVries Atallah
Phone   202-857-1000
Fax       202-857-0200
natallah@pilieromazza.com

PilieroMazza PLLC
888 17th Street, NW, 11th Floor
Washington D.C. 20006

*********************************************************************
Please be advised that this transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential.  If you are not the intended recipient, please do not read, copy or retransmit this communication.  If you have received this communication in error, please notify us by e-mail (pmpllc@pilieromazza.com) or by telephone (call us collect at 202-857-1000) and delete this message and any attachments. Thank you in advance for your cooperation and assistance.
*********************************************************************

# EXHIBIT E

**From:** Nichole Atallah
**Sent:** Thursday, August 21, 2014 4:02 PM
**To:** timpipefitter@aol.com
**Cc:** Paul W. Mengel
**Subject:** Contacting Chambers

Mr. Morris,

I have not heard back from you.  The court, in its scheduling and procedures order, requires that we contact chambers should a discovery dispute arise.  Are you available tomorrow afternoon?

Thanks,
Nichole



Nichole L. DeVries
Phone   202-857-1000
Fax      202-857-0200
ndevries@pilieromazza.com

PilieroMazza PLLC
888 17th Street, NW, 11th Floor
Washington D.C. 20006

*****************************************************************************

Please be advised that this transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential.  If you are not the intended recipient, please do not read, copy or retransmit this communication.  If you have received this communication in error, please notify us by e-mail (pmpllc@pilieromazza.com) or by telephone (call us collect at 202-857-1000) and delete this message and any attachments. Thank you in advance for your cooperation and assistance.

*****************************************************************************

# EXHIBIT F

**From:** Tim Morris [mailto:timpipefitter@aol.com]
**Sent:** Friday, August 22, 2014 2:19 AM
**To:** Nichole Atallah
**Cc:** Paul W. Mengel
**Subject:** Re: Contacting Chambers

Im sorry I cannot make it today and as stated before I will not be able
to attend the dep. on Monday.


-----Original Message-----
From: Nichole Atallah <natallah@pilieromazza.com>
To: timpipefitter <timpipefitter@aol.com>
Cc: Paul W. Mengel <pmengel@pilieromazza.com>
Sent: 21-Aug-2014 16:02:15 +0000
Subject: Contacting Chambers

Mr. Morris,

I have not heard back from you.  The court, in its scheduling and procedures order, requires that we contact chambers should a discovery dispute arise.  Are you available tomorrow afternoon?

Thanks,

Nichole



Nichole L. DeVries
Phone   202-857-1000
Fax      202-857-0200
ndevries@pilieromazza.com

PilieroMazza PLLC
888 17th Street, NW, 11th Floor
Washington D.C. 20006

*********************************************************************
Please be advised that this transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential.  If you are not the intended recipient, please do not read, copy or retransmit this communication.  If you have received this communication in error, please notify us by e-mail (pmpllc@pilieromazza.com) or by telephone (call us collect at 202-857-1000) and delete this message and any attachments. Thank you in advance for your cooperation and assistance.

*********************************************************************