IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                      )
TIMOTHY C. MORRIS                       )
                                                      )
       Plaintiff,                           )
                                                      )
v.                                                   )       Case No. 1:12-cv-01800
                                                      )
CARTER GLOBAL LEE, INC.           )
                                                      )
       Defendant.                          )
                                                      )
_____)

**STATEMENT OF MATERIAL FACTS
FOR WHICH THERE IS NO GENUINE DISPUTE**

      1.     Plaintiff was employed by CGL as a plumber at the Department of Corrections facility located in the District of Columbia Complaint ¶¶ 2, 5.

      2.     Plaintiff did not have a contract of employment for any specified period of time. *See* Requests for Admissions, attached to the Declaration of Nichole DeVries ("Declaration") as Exhibit A, ¶2.[1]

      3.     On or about February 29, 2009, Plaintiff arrived at work at approximately 3:15 a.m. to check and inspect the operation of the heating system at the District of Columbia Jail. *See* Declaration, Exhibit A, ¶¶3, 7.

      4.     Sometime on or about February 23, 2009, the main steam valves in the north and south mechanical rooms that controlled the heating system at the District of Columbia Jail were turned off. *See* Declaration, Exhibit A, ¶4.

---

[1] As a result of Plaintiff's failure to respond to CGL's Requests for Admissions, the admissions are "conclusively established" by operation of Rule 36. Fed. R. Civ. P. 36(a)(3); *Baker v. Potter*, 212 F.R.D. 8, 12 (D.D.C. 2002). CGL contends that all facts referencing the pleadings and the Declaration of Nichole DeVries are undisputed and that by failing to respond in accordance with Rule 36, those facts which reference Exhibit A are also undisputed for the purposes of this Motion.

5. No other person other than Plaintiff was responsible for checking and inspecting the heating system before 7:30 a.m. on February 23, 2009. (*See* Declaration, Exhibit A, ¶8).

6. Plaintiff's supervisor, Randy Kinsley, questioned Plaintiff regarding his conduct at work on that date. *See* Declaration, Exhibit A, ¶¶5-6.

7. Plaintiff's employment with CGL was terminated on February 23, 2009, following an investigation by CGL regarding the manipulation of the heating system. Complaint ¶9.

8. Plaintiff filed a Complaint against CGL on May 29, 2012 in the Superior Court of the District of Columbia, alleging violations of his civil and human rights. (Complaint).

9. On November 5, 2012, CGL removed the case to this Court and filed a Motion for More Definite Statement.  Dkt. # 1, 3.

10. In response to CGL's pleading, the Court ordered Plaintiff to respond to CGL's Motion for More Definite Statement on or before November 21, 2012.  Dkt. # 5.

11. On November 15, 2012, Plaintiff sought and obtained consent from CGL to extend the time to respond to the Motion for More Definite Statement to December 5, 2012. Dkt. #7.  Plaintiff's Motion to Extend Time was granted on November 19, 2012.

12. Plaintiff did not file a response to CGL's Motion for More Definite Statement. Dkt. #8.

13. The Court granted CGL's Motion for More Definite Statement on February 18, 2013 and ordered Plaintiff to file an amended complaint on or before March 11, 2013 or face the possibility of dismissal for failure to pursue his claims.  Dkt. #9.

14. Plaintiff filed an Amended Complaint on March 11, 2013.  Amended Complaint, Dkt. #10, 11.

15. CGL filed a Motion to Dismiss Plaintiff's Amended Complaint on March 28, 2013. Defendant's Rule 12(B)(6) Motion to Dismiss, Dkt. # 12.

16. On April 4, 2013, the Court advised Plaintiff that he was required to respond to the Motion to Dismiss on or before April 26, 2013 or the Court might treat the Motion to Dismiss as conceded and dismiss Plaintiff's Complaint. (April 4, 2013 Order, Dkt. #15).

17. On April 26, 2013, Plaintiff filed a Motion to Extend Time to Respond to Defendant's Rule 12(B)(6) Motion to Dismiss for an additional fourteen (14) days due to his busy schedule. Dkt. #16.

18. On May 1, 2013, the Court ordered Plaintiff to file his response to CGL's Motion to Dismiss on or before May 11, 2013. May 1, 2013, Minute Order.

19. On May 13, 2013, Plaintiff again filed a request to extend the time to respond to CGL's Motion to Dismiss "to what ever time this Court deems just and proper." Dkt #17.

20. In response to Plaintiff's second motion to extend time, on May 14 the Court ordered Plaintiff to file his opposition to CGL's Motion to Dismiss on or before June 3, 2013. May 14, 2013, Minute Order.

21. Plaintiff again failed to timely file his opposition to CGL's Motion to Dismiss. Rather, he filed a Motion for Leave to File an Opposition to CGL's Motion to Dismiss on June 11, 2013, along with the aforementioned opposition, citing a conflict with the Department of Motor Vehicles regarding the suspension of his vehicle registration. Dkt. #18.

22. The Court granted Plaintiff's Motion for Leave to File Plaintiff's Memorandum and Points of Authorities in Opposition to Defendant's Rule 12(B)(6) Four Days Out of Time on June 14, 2013. Dkt. #1.

23. On November 5, 2013, the Court ordered all of Plaintiff's claims dismissed without prejudice, with the exception of Plaintiff's claim pursuant to 42 U.S.C. § 1981, the pleading requirement for which Plaintiff "just barely met," as the Court observed. November 5 Order, p.12, Dkt. #21.

24. CGL filed its Answer to Plaintiff's Amended Complaint on November 19, 2013. Answer, Dkt. #23.

25. On January 10, 2014, CGL filed its LCvR 16.3(c) Meet and Confer Statement without the consent or assistance of Plaintiff because CGL was not successful in contacting him. CGL stated that it believed the case could benefit from alternative dispute resolution. Dkt. #25.

26. At the initial scheduling conference on January 14, 2014, the Court referred the case to mediation. Dkt. #26.

27. Although the parties engaged in good faith settlement negotiations, they were unable to resolve the case at the March 27, 2014 Settlement Conference.

28. On April 25, 2014, in its Scheduling and Procedures Order, this Court established that all discovery "shall be completed" by August 25, 2014. (Scheduling and Procedures Order Dkt. #34).

29. On May 29, 2014, CGL served Requests for Admissions; First Request for Production of Documents; and First Set of Interrogatories on Plaintiff (collectively referred to as "CGL's Discovery Requests"). *See* Declaration, Exhibit A.

30. On July 18, 2014, having not received Plaintiff's responses to CGL's Discovery Requests, CGL sent Plaintiff a letter advising him that he had not timely responded and requesting that he respond on or before July 30, 2014. *See* Declaration, Exhibit B.

31. On or about August 2, 2014, Plaintiff called counsel for CGL and advised via voice message that he had not yet answered CGL's Discovery Requests, but would answer them soon. *See* Declaration, ¶5.

32. On August 14, 2014 counsel for CGL sent an email to Plaintiff requesting that he respond to CGL's discovery requests on or before Monday, August 18, 2014 and noticed Plaintiff's deposition for August 25, 2014.  CGL indicated that this was its effort to resolve Plaintiff's failure to answer CGL's Discovery Requests.  *See* Declaration, Exhibit C.

33. On August 19, 2014, Plaintiff contacted counsel for CGL via telephone and advised that he would need another month to complete his responses to CGL's discovery requests and that he would not appear for the noticed deposition.  Plaintiff stated that he did not have the time to respond to CGL's Discovery Requests, given his wife's medical appointments and that he was not "mentally prepared" to undergo a deposition.  *See* Declaration ¶7.

34. On August 20, 2014, counsel for CGL again emailed Plaintiff and reminded him that the deadline to complete discovery was August 25, 2014, and CGL must insist that he provide answers to CGL's discovery and appear at the noticed deposition.  *See* Declaration ¶9, Exhibit D.

35. On August 21, 2014, having not heard back from Plaintiff, counsel for CGL emailed him again and pointed out to him that the Scheduling and Procedures Order requires that both parties call the Judge's chambers should they not be able to resolve a discovery dispute.  *See* Declaration ¶10, Exhibit E.

36. Plaintiff responded on August 22, 2014, stating that he could not call chambers that day and that he would not be attending the deposition on August 25, 2014.  *See* Declaration ¶11, Exhibit F.

37. Counsel for CGL called chambers after receiving the aforementioned email on August 22, 2014 and advised that the parties would not be calling jointly to discuss the discovery dispute, as required by the Scheduling and Procedures Order, because Plaintiff said he was unavailable, and that CGL would be filing a motion addressing Plaintiff's failure to respond to discovery or attend his deposition. *See* Declaration ¶12.

38. On August 25, 2014, the deadline for discovery passed with no response from Plaintiff by the close of business. *See* Scheduling and Procedures Order; Declaration ¶13.

39. CGL had not received any discovery requests from Plaintiff as of the date of the filing of this Motion. *See* Declaration ¶13.

40. As of the time of the filing of this Motion, Plaintiff had not responded to CGL's Discovery Requests and did not appear for his noticed deposition. *See* Declaration ¶13.

41. Plaintiff has admitted there is no evidence that CGL unlawfully discriminated against him because of his race. *See* Declaration, Exhibit A, ¶9.

42. Plaintiff has admitted that he cannot identify any instance of unlawful discrimination against him and there is no evidence that CGL's decision to terminate Plaintiff was motivated by his race. *See* Declaration, Exhibit A, ¶¶11, 13.

Date:  August 25, 2014                Respectfully submitted,

                                    /s/
Paul W. Mengel III (Bar No. 457207)
Nichole D. Atallah (Bar No. 1009328
PilieroMazza PLLC
888 17th Street NW, 11th Floor
Washington, DC  20006
(202) 857-1000
(202) 857-0200 (Fax)
*pmengel@pilieromazza.com*
*Attorney for Defendant Carter Globle Lee, Inc.*

CERTIFICATE OF SERVICE

I certify that on this 25th day of August, 2014, a true and correct copy of the above pleading was served by first-class mail to:

Timothy C. Morris
4505 Henderson Road
Temple Hills, MD 20748

                                                    /s/
                                            Paul W. Mengel III