UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TIMOTHY C. MORRIS,
    Plaintiff

v.

CARTER GOBLE LEE, INC.,
    Defendant

Civil Action No. 12-1800 (CKK)

MEMORANDUM OPINION
(July 10, 2015)

Plaintiff Timothy C. Morris brings this action *pro se* against Defendant Carter Goble Lee, Inc., asserting a variety of claims arising out of the termination of Plaintiff's employment with Defendant. Previously, the Court dismissed all of Plaintiff's claims other than his discrimination claim under 42 U.S.C. § 1981. *See Morris v. Carter Global Lee, Inc.*, 997 F. Supp. 2d 27, 31 (D.D.C. 2013). Presently before the Court is Defendant's [45] Motion for Summary Judgment with respect to the remaining claim under Section 1981. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court GRANTS Defendant's [45] Motion for Summary Judgment. The Court concludes Plaintiff has not provided evidence that

---

[1] The Court's consideration has focused on the following documents:
- Pl.'s Verified Amended Compl. for Violation of Civil and Human Rights, Intentional Infliction of Emotional Distress, False Accusations Plaintiff, Fraud, and Wrongful Firing, ECF No. 10 ("Am. Compl.");
- Def.'s Mot. for Summary Judgment, ECF No. 45 ("Def.'s Mot.");
- Pl.'s Mem. in Opp'n to Def.'s Mot. for Summary Judgment, ECF No. 51 ("Pl.'s Opp'n"); and
- Def.'s Reply, ECF No. [52] ("Def.'s Reply").

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. See LCvR 7(f).

1

would allow a reasonable jury to find that Defendant intentionally discriminated against him on the basis of race. Accordingly, the Court dismisses this case in its entirety.

## I. BACKGROUND

**A. Factual Background[2]**

Plaintiff was employed by Defendant as a cell inspector at the District of Columbia Jail. Deposition of Timothy Morris ("Pl.'s Dep.") 41:21-22, Oct. 10, 2014, ECF No. 45-2; ECF No. 52-1. Despite his title, Plaintiff mainly worked as a plumber for the duration of his employment. *Id.* at 41:2-42:12. One of his additional duties was to inspect the heating system. *Id.* at 43:4-44:6. On February 23, 2009, Plaintiff's employment with Defendant was terminated. Declaration of William R. Kinsley ("Kinsley Decl.") ¶ 11, November 25, 2014, ECF No. 45-3.

Plaintiff arrived to work at approximately 3:00 a.m. on February 23, 2009 to inspect the heating system at the D.C. Jail. Pl.'s Dep. at 56:6-7. To access the mechanical room that houses the heating system, Plaintiff needed to sign out the keys. *Id.* at 49:1-10. According to a report

---

[2] The Court strictly adheres to the text of Local Civil Rule 7(h) when resolving motions for summary judgment. *See Burke v. Gould*, 286 F.3d 513, 519 (D.C. Cir. 2002) (finding district courts must invoke the local rule before applying it to the case). The Court has advised the parties that it strictly adheres to Rule 7(h) and has stated that it "may assume that facts identified by the moving party in its statement of material facts are admitted, unless such facts are controverted in the statement filed in opposition to the motion." Scheduling and Procedures Order (November 5, 2014), ECF No. 44, at 3. In this case, Defendants filed a Statement of Material Facts in compliance with the Local Rules and this Court's prior orders. Plaintiff, meanwhile, included a "Statement of Disputed Material Facts" section in his opposition, but this section does not explicitly controvert any of the facts identified in Defendant's Statement and instead sets forth an opposing factual narrative. *See* Pl.'s Opp'n at 1-3. Moreover, only several of the facts in this statement include citations to evidence in the record. Accordingly, the Court could simply deem the uncontroverted facts in Defendant's Statement conceded. Nonetheless, because Plaintiff is representing himself *pro se*, the Court will not deem those facts conceded and will instead look to evidence in the record provided by the parties in resolving the pending motion for summary judgment. *See Blocker-Burnette v. D.C.*, 842 F. Supp. 2d 329, 336 (D.D.C. 2012) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

documenting key access provided by the Defendant, Plaintiff was the only person to sign out the keys that morning. Audit Key Transactions Report, Feb. 23, 2009, ECF No. 45-5. The heating system was working fine when Plaintiff entered the mechanical room. Pl.'s Dep. at 56:5-16; 58:12-15. Defendant states that at approximately 7:30 a.m., Facility Manager William Kinsley and employee Mustafa Ambrocon entered the mechanical room and discovered the steam valves controlling the heating system turned off. Kinsley Decl. at ¶ 7. Defendant further contends that the Warden of the D.C. Jail directed Defendant to fire Plaintiff. *Id.* ¶ 10. Plaintiff disputes that he turned the heating system off or adjusted the steam valves. Pl.'s Dep. at 57:9-10; 58:12-15. He further states that the heating system was in disrepair and that, while Defendant knew of this fact, Defendant made no effort to repair or upgrade the system. Pl.'s Opp'n ¶ 5-7.

**B. Procedural Background**

Plaintiff filed suit against Defendant on May 29, 2012 in the Superior Court of the District of Columbia alleging wrongful termination and violation of his civil rights. *See* Notice of Removal, ECF No. 1. Defendant timely removed this matter to this Court on the basis of federal question jurisdiction. *Id.* On the same day, Defendant filed its [3] Rule 12(e) Motion for More Definite Statement, which the Court granted on the grounds that Plaintiff's Superior Court Complaint lacked any discussion of the legal basis for his claims. *See* Order of Feb. 18, 2013, ECF No. 9. Pursuant to this Court's Order, on March 11, 2013, Plaintiff filed his [10] Amended Complaint, which presented five claims against Defendant: (1) Violation of Civil and Human Rights; (2) Intentional Infliction of Emotional Distress; (3) False Accusations; (4) Fraud; and (5) Wrongful Firing. Defendant then filed its [12] Rule 12(b)(6) Motion to Dismiss, contending that Plaintiff's allegations failed to state a claim upon which relief can be granted. The Court granted that motion with respect to all of Plaintiff's claims other than his claim pursuant to 42 U.S.C.

§ 1981. *See Morris*, 997 F. Supp. 2d at 31. The Court found that Plaintiff sufficiently alleged "that he is a member of a racial minority who was discriminated against on the basis of his race with respect to an action covered by § 1981 – the termination of his employment contract." *Id.* at 12. Following discovery, Defendant filed the Motion for Summary that is now before the Court.

## II. LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The mere existence of some factual dispute is insufficient on its own to bar summary judgment; the dispute must pertain to a "material" fact. *Id.* Accordingly, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Nor may summary judgment be avoided based on just any disagreement as to the relevant facts; the dispute must be "genuine," meaning that there must be sufficient admissible evidence for a reasonable trier of fact to find for the non-movant. *Id.*

In order to establish that a fact is or cannot be genuinely disputed, a party must (a) cite to specific parts of the record – including deposition testimony, documentary evidence, affidavits or declarations, or other competent evidence – in support of its position, or (b) demonstrate that the materials relied upon by the opposing party do not actually establish the absence or presence of a genuine dispute. Fed. R. Civ. P. 56(c)(1). Conclusory assertions offered without any factual basis in the record cannot create a genuine dispute sufficient to survive summary judgment. *See Ass'n of Flight Attendants-CWA, AFL-CIO v. Dep't of Transp.*, 564 F.3d 462, 465-66 (D.C. Cir. 2009). Moreover, where "a party fails to properly support an assertion of fact or fails to properly address

another party's assertion of fact," the district court may "consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e).

When faced with a motion for summary judgment, the district court may not make credibility determinations or weigh the evidence; instead, the evidence must be analyzed in the light most favorable to the non-movant, with all justifiable inferences drawn in his favor. *Liberty Lobby*, 477 U.S. at 255. If material facts are genuinely in dispute, or undisputed facts are susceptible to divergent yet justifiable inferences, summary judgment is inappropriate. *Moore v. Hartman*, 571 F.3d 62, 66 (D.C. Cir. 2009). In the end, the district court's task is to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Liberty Lobby*, 477 U.S. at 251-52. In this regard, the non-movant must "do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby*, 477 U.S. at 249-50 (internal citations omitted).

Importantly, "[w]hile summary judgment must be approached with special caution in discrimination cases, a plaintiff is not relieved of his obligation to support his allegations by affidavits or other competent evidence showing that there is a genuine issue for trial." *Morgan v. Fed. Home Loan Mortg. Corp.,* 172 F. Supp. 2d 98, 104 (D.D.C. 2001), *aff'd,* 328 F.3d 647 (D.C. Cir. 2003); *see also Marshall v. James,* 276 F. Supp. 2d 41, 47 (D.D.C. 2003) (special caution "does not eliminate the use of summary judgment in discrimination cases") (citing cases).

## III. DISCUSSION

Section 1981, as amended by the Civil Rights Act of 1991, prohibits racial discrimination in the "making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981; *see also Rivers v. Roadway Express,* 511 U.S. 298, 302 (1994) ("§ 1981's prohibition against racial discrimination in the making and enforcement of contracts applies to all phases and incidents of the contractual relationship...."). Discrimination claims pursuant to Section 1981 are analyzed under the same standards as claims brought pursuant to Title VII of the Civil Rights Act. *Ayissi-Etoh v. Fannie Mae*, 712 F.3d 572, 576 (D.C. Cir. 2013). Under this well-established framework, a plaintiff must demonstrate by a preponderance of the evidence that the actions taken by the Defendant were "more likely than not based on the consideration of impermissible factors" such as race, ethnicity, or national origin. *Tex. Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 254 (1981) (internal quotation marks and citation omitted). In so doing, "the plaintiff may prove his claim with direct evidence, and absent direct evidence, he may indirectly prove discrimination" under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973). *Brady v. Livingood,* 456 F. Supp. 2d 1, 6 (D.D.C. 2006), *aff'd Brady v. Office of Sergeant at Arms,* 520 F.3d 490 (D.C. Cir. 2008).

Direct evidence is sufficient alone to defeat a defendant's motion for summary judgment. *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511 (2002) ("The *McDonnell Douglas* test is inapplicable where the plaintiff presents direct evidence of discrimination."); *see also Ayissi–Etoh,* 712 F.3d at 576-77. Here, however, Plaintiff proffers no direct evidence that Defendant discriminated against him on the basis of race, religion, or national origin, and, in fact, acknowledges that he has no such evidence. *See* Pl.'s Dep. at 124:22-125:21.

In the absence of direct evidence of discrimination based on race, national origin, or religion, the *McDonnell Douglas* framework applies. Pursuant to that framework, the plaintiff has the initial burden of proving by a preponderance of the evidence a prima facie case of discrimination. *Texas Dept. of Community Affairs,* 450 U.S. at 252-53. For a claim alleging disparate-treatment discrimination with respect to employment, a plaintiff makes out a prima facie case by showing (1) that he is a member of a protected group; (2) that he suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination. *Royall v. Nat'l Ass'n of Letter Carriers, AFL-CIO*, 548 F.3d 137, 144 (D.C. Cir. 2008). Once a plaintiff makes out a prima facie case, "the burden shifts to the defendant 'to articulate some legitimate, nondiscriminatory reason for the [adverse action].' " *Burdine,* 450 U.S. at 253 (quoting *McDonnell Douglas Corp.*, 411 U.S. at 802). If the defendant is successful, then "the *McDonnell Douglas* framework—with its presumptions and burdens—disappear[s], and the sole remaining issue [is] discrimination *vel non.*" *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 142-43 (2000) (internal citations and quotation marks omitted).

In *Brady v. Office of Sergeant at Arms,* the D.C. Circuit simplified the analysis for disparate treatment suits. 520 F.3d at 494. Under *Brady,* once an employer has proffered a non-discriminatory reason, the *McDonnell Douglas* burden-shifting framework disappears, and the court must simply determine whether the plaintiff has put forward enough evidence to defeat the defendant's proffer of a legitimate, non-discriminatory reason and support a finding of discrimination. *See id.* ("[W]here an employee has suffered an adverse employment action and an employer has asserted a legitimate, non-discriminatory reason for the decision, the district court need not—*and should not*—decide whether the plaintiff actually made out a prima facie case under *McDonnell Douglas.*") (emphasis in original). Ultimately, "[f]or purposes of

7

summary judgment, the operative question under Section 1981—as under the Title VII anti-discrimination framework—is whether 'the employee produced sufficient evidence for a reasonable jury to find that ... the employer intentionally discriminated against the employee on the basis of race.'" *Ayissi-Etoh*, 712 F.3d at 576 (quoting *Brady*, 520 F.3d at 494). In other words, once a defendant has stated a legitimate, non-discriminatory reason for the adverse employment action, the question "becomes whether, based on the totality of the parties' evidence, a reasonable jury could determine that the defendant's proffered explanation was pretext for discrimination." *Kilby-Robb v. Duncan*, No. 1:12-CV-01718 (CRC), 2015 WL 106956, at *3, --- F. Supp. 3d --- (D.D.C. Jan. 8, 2015) (citing *Brady,* 520 F.3d at 494-95).

Defendant argues in its motion for summary judgment that the legitimate, non-discriminatory reason for firing Plaintiff was that Defendant believed that Plaintiff turned off the heat in the mechanical room at the D.C. Jail during the early morning hours of February 23, 2009. *See* Def.'s Mot. at 5-6. Specifically, Defendant relies on deposition testimony that other employees found the steam valves in the mechanical room turned off that morning and on a key log that shows that Morris was the only person with the key to the mechanical room between 3:00 a.m. and 7:30 a.m. that morning. *See id.* at 5 (citing Pl.'s Dep. at 68:7-14; 69:5-13; 83:21-84:19; 85:13-17; Ex. 4, Audit Key Transactions). Defendant also relies on the fact that it was directed by the Warden of the D.C. Jail to remove Plaintiff from its contract with the D.C. Jail as a result of the events of that morning. *Id.* at 5-6 (citing Pl.'s Dep. at 77:1- 78:2; 78:18- 80:3; 92:11-19). The Court concludes that Defendant has asserted a legitimate, non-discriminatory reason for firing Plaintiff.

Given that Defendant has stated a legitimate, non-discriminatory reason for the adverse employment action, the burden shifts back to Plaintiff to show that a reasonable jury could

conclude, by a preponderance of the evidence, that Defendant's non-discriminatory reason for firing Plaintiff was pretextual. Plaintiff attempts to satisfy this burden in three ways.

First, Plaintiff argues that he did not actually turn off the heating system. Pl.'s Opp'n at 2; 4-5. However, Plaintiff mistakes the inquiry in which the Court must engage. "The question is not whether the underlying [conduct] occurred; rather the issue is whether *the employer honestly and reasonably believed* that the underlying [conduct] occurred." *Brady*, 520 F.3d at 496 (emphasis in original); *see also Fischbach v. D.C. Dep't of Corr.*, 86 F.3d 1180, 1183 (D.C. Cir. 1996) ("Once the employer has articulated a non-discriminatory explanation for its action … the issue is not the correctness or desirability of the reasons offered but whether the employer honestly believes in the reasons it offers." (internal quotation marks and alterations omitted)). Although Plaintiff asserts that he did not touch the heating valves, he has not produced any evidence to show the conclusion Defendant reached by viewing the key log was unreasonable. Plaintiff himself agrees that it is not unreasonable to conclude that he was the person with the key to the mechanical room when the heat was allegedly turned off. Pl.'s Dep. at 68:7-14; 69:5-13. Plaintiff has provided no evidence that a reasonable trier of fact could use to call into question the conclusion that Defendant honestly and legitimately believed that Plaintiff turned off the heat to the D.C. Jail.

Second, Plaintiff suggests that a reasonable jury could conclude that Defendant's reason for terminating him was pretextual on the basis of a discrimination complaint that a fellow employee filed with the Equal Employment Opportunity Commission. Specifically, Plaintiff points to a complaint filed by a former coworker, Linwood Hughes, against Defendant and against supervisor William Kinsley. *See* Pl.'s Dep. at 93:6-94:17. However, Plaintiff has never submitted Hughes' complaint itself as evidence, and Plaintiff does not provide further detail

about the substance of Hughes's complaint or the outcome of Hughes filing this complaint. Plaintiff does state in his deposition, however, that Hughes was not fired and that he quit his job because of abuse from inmates. *See* Pl.'s Dep. at 99:1-13. Without further details about the content or the outcome of the complaint by Plaintiff's co-worker, the mere fact of such a complaint cannot be used to establish Defendant's discriminatory intent in firing Plaintiff. *See Holcomb v. Powell*, 433 F.3d 889, 899-900 (D.C. Cir. 2006) ("We are not persuaded that the mere filing of two informal discrimination complaints against [the supervisor], where nothing more is known about the nature, merit, or outcome of those complaints, can be used as a proxy to establish [the supervisor's] discriminatory animus in the present case.").

Third, Plaintiff suggests that a reasonable jury could conclude that Defendant's reason for terminating him was pretextual because a white co-worker was not disciplined for his "offensive behavior." Pl.'s Opp'n at 5. Plaintiff points to the circumstances of a white co-worker, Chris Lyons, a cell locksmith at the D.C. Jail. *See* Pl.'s Dep. at 93:15-94:1. Plaintiff claims that Lyons would delay doing work such that it would be passed on to the person holding the next shift, but that he was not reprimanded. *See id*. Plaintiff recounts one occasion, in particular, when Lyons ignored the calls of employees locked in a pharmacy room for over three hours while he "sat at the computer and played solitaire." Pl.'s Opp'n at 3. Plaintiff believes that Lyons received "preferential treatment" and was not disciplined because he is white. Pl.'s Dep. at 94:2-17; 97:14-20. A plaintiff may establish pretext by demonstrating that the employer treated similarly situated persons who are not in the protected class more favorably. *Brady*, 520 F.3d at 495. In order to show that an employee is similarly situated, a plaintiff must "demonstrate that all of the relevant aspects of [his] employment situation were 'nearly identical' to that of the employee." *Neuren v. Adduci, Mastriani, Meeks & Schill*, 43 F.3d 1507, 1514 (D.C. Cir. 1995). "[T]he co-

workers must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Childs-Pierce v. Util. Workers Union of Am.*, 383 F. Supp. 2d 60, 70 (D.D.C. 2005) (quotation marks and citation omitted), *aff'd*, 187 F. App'x 1 (D.C. Cir. 2006). The evidence Plaintiff has presented does not meet this standard. Plaintiff has not shown that he and Lyons were similarly situated. Lyons' job title was cell locksmith and his duties, inasmuch as Plaintiff has described them, include responding to lock malfunctions at the D.C. Jail. *See* Pl.'s Opp'n at 3. Plaintiff does not claim to perform this function, nor has he presented evidence that Lyons works as a plumber or as a cell inspector—like Plaintiff—or performs any of the tasks that Plaintiff performed as part of his job. Moreover, Plaintiff has provided no evidence that he and Lyons share a supervisor. Had Plaintiff met his burden of establishing that he and Lyons were similarly situated, Plaintiff would further be required to show that the alleged offenses—his tampering with the heating valves and Lyons' unresponsiveness to locked-in employees—were of "similar seriousness." *See Childs-Pierce*, 383 F. Supp. 2d at 69-70. Plaintiff has also presented no such evidence. Because Plaintiff has not demonstrated that he and Lyons were similarly situated, the evidence regarding Lyons does not provide a basis for a reasonable jury to conclude that the Defendant's legitimate, non-discriminatory reason for firing Plaintiff was pretextual.

In sum, Plaintiff has not "produced sufficient evidence for a reasonable jury to find that ... the employer intentionally discriminated against [him] on the basis of race." *Brady*, 520 F.3d at 494. Plaintiff has not provided direct evidence of discrimination by Defendant. Nor has he provided evidence that would allow a reasonable jury to conclude that the legitimate, non-discriminatory reason asserted by Defendant for terminating Plaintiff—Defendant's conclusion

that Plaintiff turned off the heating system at the D.C. Jail early one morning—was pretextual. Plaintiff has not shown that Defendant lacked an honest and reasonable belief that the Plaintiff had turned off the heating system. In addition, the other evidence that Plaintiff provided is not sufficient to allow a reasonable jury to conclude that the reasonable, nondiscriminatory reason proffered by Defendant for Plaintiff's firing was pretextual. Specifically, the evidence Plaintiff provided regarding a discrimination complaint filed by another employee fails because of the lack of further details regarding the content or resolution of that complaint. The evidence Plaintiff provided regarding a white employee that he claims was not disciplined for certain alleged infractions fails because Plaintiff has not shown that he was similarly situated to that employee. Accordingly, the Court will grant Defendant's Motion for Summary Judgment.

### IV. CONCLUSION

For the foregoing reasons, the Court concludes that no reasonable jury could conclude, based on the evidence provided, that Defendant Carter Goble Lee intentionally discriminated against Plaintiff on the basis of race when it terminated his employment. Accordingly, Defendant's [45] Motion for Summary Judgment is GRANTED.

An appropriate Order accompanies this Memorandum Opinion.

Dated: July 10, 2015

                                                    /s/
                                         COLLEEN KOLLAR-KOTELLY
                                         United States District Judge